KAHN, Judge.
Appellant Sara Zayas is a 25-year-old totally disabled adult. She seeks review of a final order of the Department of Health and Rehabilitative Services (HRS) finding that she may not seek food stamps as a single person household. We reverse the agency’s conclusion.
The following undisputed facts are gleaned from the stipulated statement filed in this court:
Ms. Zayas values her independence. Ms. Zayas was the sole occupant of her home until her health worsened and her doctors instructed her that someone needed to live with her in the event of an emergency. As a result, her parents moved *258 into Ms. Zayas’ home from out-of-state to act as live-in medical attendants for her in March 1991.
Ms. Zayas wants to be as independent as possible from her family. Although Ms. Zayas resides in the same home as her parents, she lives a separate life from them — financially, socially and otherwise. Ms. Zayas and her parents do not live together as one economic or social unit. Ms. Zayas’ doctor requires her to be on a special diet. Ms. Zayas eats entirely different food from her family. Ms. Zayas does not share meals with her family. She shops for her own food. She does not share her food with anyone. Ms. Zayas keeps her food stored in a separate pantry in her room and in a separate part of the refrigerator.
Ms. Zayas has separate finances from her parents.
Ms. Zayas pays her own rent, utilities, food and personal and household items. Ms. Zayas operates as a completely separate entity from her parents.
While expressing compassion for appellant’s circumstances, the hearing officer felt constrained to disagree as a matter of law with Zayas’ contention that she should be considered as a single person household without the necessity of including her parents and, of course, their income, in determining eligibility.
Under the rules propounded by the United States Department of Agriculture, an individual, even though she may live with others, may generally qualify as a separate household upon a demonstration that she customarily purchases food and prepares meals for home consumption separate and apart from others. 7 CFR 273.1(a)(1)(h). However, the rules go on to provide that an applicant “living together” with parents who are neither elderly nor disabled shall be considered as customarily purchasing food and preparing meals with such parents even if they do not do so. 7 CFR 273.1(a)(2)(i)(C).
The hearing officer, while noting the appellant’s proof of separate food arrangements and separate provision of living expenses, concluded “the rules simply do not provide for her to be a separate single person household in this living situation.”
The federal statute underlying the rule applied in this case provides:
[Pjarents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so. (e.s.)
7 U.S.C. § 2012(i)(2).
In the present case, the agency’s failure to properly construe the phrase “who live together” is contrary to the authority of Robinson v. Block, 869 F.2d 202 (3d Cir.1989). In Robinson, the Third Circuit examined the history of the provisions here at issue:
Before 1977, a food stamp household was defined as an ‘economic unit,’ a term which took into account the ‘common living expenses’ of all members of a group of people. The Food Stamp Act of 1977 replaced the ‘economic unit’ test with a new test that still remains the focus in determining what constitutes a household: ‘live together and customarily purchase food and prepare meals together for home consumption.’ Pub.L. No. 95-113, § 1301, 91 Stat. 958, 960 (1977). Congress thus made the fact that a group of individuals may share nonfood living expenses irrelevant for purposes of determining whether the group constitutes a household. H.R.Rep. No. 95-464, 95th Cong., 1st Sess. 143 (1977), reprinted in 1977 U.S. Code Cong. & Admin. News 1704, 1978, 2113.
In 1981, Congress inserted into the statutory section defining household the provision that ‘parents and children who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so.’ Pub.L. No. 97-35, § 101, 95 Stat. 357, 358 (1981) (emphasis added). The 1981 amendment thereby created an irrebutta-ble presumption that ‘parents and children who live together’ purchase and prepare meals together for home consumption.
*259 In 1982, Congress again amended the Act and added the sibling rule to the definition of household. Pub.L. No. 97-253, 96 Stat. 771. This amendment merely added the words ‘or siblings’ to the 1981 amendment that created the parent-children rule; the statute now provides that ‘parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so.’ 7 U.S.C. § 2012(0 (1982). This amendment was enacted by Congress in order to extend the step taken in 1981 of ‘limiting [the] potential manipulation of food stamp rules’ that occurs when parents and children claim separate food stamp household status, although they live together, merely by refraining from purchasing food and preparing meals together. The 1982 amendment followed this rationale inasmuch as it was ‘designed to further limit the number of instances in which household members may manipulate current rules and gain status as separate food stamp households (and receive, thereby, larger benefits), although they live together and depend on one another for support.’ S.Rep. No. 97-504, 97th Cong., 2nd Sess. 24-25 (1982), reprinted in 1982 U.S. Code Cong. & Admin. News 1641, 1662.
869 F.2d at 211-212.
However, nothing in the statutory changes creates an irrebuttable presumption that parents and children who share the same address “live together.” As the Third Circuit explained, Congress did not intend that households be subject to a “same address” test in determining whether individuals “live together.” Id. at 214. Rather, the proper determination of whether such individuals “live together” must include “the application of a reasonable judgment based on the circumstances of a particular living arrangement.” Id. at 213. We adopt the view of the Robinson court, and hold that HRS must view the issue of household composition in cases such as this as a factual matter.
In the present case, appellant made a substantial unrebutted showing that she maintains her independence, both financially and socially, to the greatest degree possible, and that her parents live with her only as a result of her doctor’s orders. The stipulated facts in this case unequivocally compel a resolution of the “live together” issue in favor of appellant. The abuse sought to be prevented by Congress is not threatened in this case. Accordingly, we reverse the final order and direct HRS to treat Mrs. Zayas as a single person household for eligibility purposes.
BARFIELD and ALLEN, JJ., concur.