SHIVERS, Senior Judge.
Joy Luis appeals an order of the Department of Health & Rehabilitative Services (HRS) denying her application for food stamp benefits. We reverse.
Joy Luis is a 52-year-old woman disabled by arthritis, diabetes, a thyroid condition, *956 and neurological damage. Luis has lived ■with her daughter, 30-year-old Leslie Lobel, periodically since 1992. In March 1993, Luis moved back in with Lobel and, on August 11, 1993, she applied for food stamps. During her interview with the HRS caseworker, Luis admitted that she and her daughter lived at the same address, but the worker did not ask whether Luis bought and prepared her food separately from her daughter, whether she was on a special diet, or whether her finances were separately maintained. In determining whether Luis was eligible for food stamps, the Department included Lobel in the food stamp household and considered her income in making its calculations. Luis’s application was denied on October 29, 1993 because the Department determined that her income, when combined with her daughter’s, exceeded its standard for entitlement qualification.
A hearing was held before a Department Hearings Officer on January 12, 1994 to determine whether HRS correctly denied Luis’s application. Luis testified at the hearing that she wanted her food stamp eligibility to be determined separately from her daughter’s. She testified that although she and Lobel lived in the same apartment, they did not purchase and prepare food together and that they each led separate and independent lives. According to Luis, in November 1993, after she began receiving $220 per month from Dade County Department of Human Resources, Office of Community Services, Special Services Division, she began paying Lobel $100 per month for rent and spending the balance on her personal needs. Luis also testified that she had applied for social security disability benefits and that her application was still pending. In denying Luis’s appeal and affirming the Department’s denial of food stamps, the Hearings Officer stated:
According to the regulations, the Petitioner’s living circumstances are those in which her Food Stamp eligibility would have [to] be explored together with her daughter, Leslie Lobel. The regulations do not provide the Petitioner to be viewed as separate from her daughter for Food Stamp purposes under the households (sic) circumstances. In considering the testimony, evidence, and the regulations, it is determined that the department correctly denied the application for Food Stamp benefits.
The Hearings Officer also refused to find Luis a separate household based on any disability because he found she did not meet the definition of disabled in 7 U.S.C. § 2012(r) and 7 C.F.R. § 271.2(11) because her application for social security benefits was denied and was no longer pending with the Social Security Administration.
Luis appeals this decision, arguing that the Hearings Officer applied a “same address” test in deciding that she and Lobel must be considered one food stamp household contrary to Zayas v. DHRS, 598 So.2d 257, 259 (Fla. 1st DCA 1992). Luis further argues that even if benefits should not be awarded under Zayas, she is entitled to food stamps because she is receiving interim financial assistance while her social security application is pending. We agree.
The United States Department of Agriculture determines eligibility and benefit levels for food stamps based upon need and, in doing so, it acts through state agencies such as the Department of Health and Rehabilitative Services. 7 U.S.C. §§ 2017(a), 2020(e). Food stamp benefits are granted to households, not individuals. A food stamp household is defined as:
(1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, [or] (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption.
7 U.S.C. § 2012(i)[1]. Under this definition, Luis would be considered a household sepa *957 rate from Lobel because they do not purchase or prepare food together. However, at the time the Final Order was rendered, a clause of subsection (3) of 7 U.S.C. § 2012(i) provided, in pertinent part: “except that ... parents and children, or siblings, who live together shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so, unless one of the parents, or siblings, is an elderly or disabled member.” See also 7 C.F.R. § 273.1(a)(2). Thus, under this rule, it was irrelevant that Luis and Lobel did not buy or prepare food together; they were to be treated as one food stamp unit as long as they “lived together” and one of them was not elderly or disabled. There is no question that Lobel is not elderly or disabled. However, it is clear that Luis qualifies as disabled under the applicable definitions and thus, she constitutes a separate household for food stamp purposes.
An “elderly or disabled member” has been defined as a member of a household who
(1) is sixty years of age or older;
(2)(A) receives supplemental security income benefits under title XVI of the Social Security Act ... or
(B) receives Federally or State administered supplemental assistance of the type described in section 1616(a) of the Social Security Act (42 U.S.C. 1382e(a)), interim assistance pending receipt of supplemental security income, disability-related medical assistance under title XIX of the Social Security Act (42 U.S.C. 1396 et seq.), or disability-based State general assistance benefits, if the Secretary determines that such benefits are conditioned on meeting disability or blindness criteria at least as stringent as those used under title XVI of the Social Security Act (42 U.S.C.A. § 1381 et seq.). 7 U.S.C. § 2012(r); see also 7 C.F.R. § 271.2(11) (elderly or disabled member includes someone who “[i]s a recipient of interim assistance benefits pending the receipt of Supplemented Security Income, disability related medical assistance under title XIX of the Social Security Act, or disability-based State general assistance benefits_”).
Here, Luis applied for social security disability benefits in 1991, and on July 29,1993, an Administrative Law Judge remanded her case to HRS for evaluation of Luis’s alleged mental disorder, completion of a Psychiatric Review Technique Form, and a revised reconsideration determination. It is obvious that at the time of hearing, this application was still pending, especially in light of the fact that HRS was instructed to carry out some specific tasks, and the fact that the notice Luis received indicated she would be notified of further action on her case. It is equally clear that the benefits Luis receives from the county constitute interim assistance benefits pending Luis’s receipt of social security. Luis was required to show that she was medically unemployable to receive these benefits, and the county must be repaid when Luis receives the social security benefits she has applied for. Further, Luis must submit a doctor’s statement every three months to continue receiving the county benefits. Thus, the Hearings Officer erred when he concluded that Luis was not disabled. We therefore hold that Luis qualifies as a separate household from Lobel under Title 7, Section 2012(i)(3) of the United States Code because she is disabled within the context of section 2012(r)(2)(B) by virtue of the fact that she is receiving “interim assistance pending receipt of supplemental security income [or] disability-related medical assistance.” Accordingly, HRS should not have considered Lobel’s income in determining Luis’s eligibility for food stamps and the Final Order should be reversed with instructions that HRS grant Luis’s application for food stamps *958 and pay her any food stamps to which she is entitled, including any to which she had been entitled but did not receive.
If Luis were not disabled, we would still be compelled to reverse and remand for the Hearings Officer to explicate an analysis of Luis’s situation under Zayas v. DHRS. Although the phrase “live together” as used in the above-cited statute and regulation has not been defined legislatively; it has been judicially defined:
Congress did not intend that households be subject to a “same address” test in determining whether individuals “live together.” ... Rather, the proper determination of whether such individuals “live together” must include “the application of a reasonable judgment based on the circumstances of a particular living arrangement.” We adopt the view of the Robinson court, and hold that HRS must view the issue of household composition in cases such as this as a factual matter.
Zayas, 598 So.2d at 259 (quoting Robinson v. Block, 869 F.2d 202 (3d Cir.1989)). In holding that the situation in Zayas compelled a finding that Ms. Zayas did not “live together” with her parents, who moved in with Ms. Zayas to act as medical attendants, the court considered the fact that Ms. Zayas lived a separate life from her parents, financially, socially and otherwise. Id. at 258. Ms. Za-yas ate different food from her family because she was required to be on a special diet, she did not share meals with her family, she shopped for her own food and did not share it with anyone, she stored her food separately, she had separate finances from her parents, and she paid her own rent, utilities, food and personal items. The Third Circuit also provided us with guidance in determining which situations warranted a conclusion that siblings or parents living in a small dwelling did not “live together” for food stamp purposes: “Indicia of not living together might include, inter alia, separate entrances and locks, separate finances, utility bills and telephones, and essentially separate living quarters.” 869 F.2d at 209.
The facts here show that Luis and Lobel also lead separate lives. They do not purchase, prepare or store their food together, their finances are separate, and their social lives are not intertwined. Luis shops at different grocery stores than her daughter and she buys generic brands rather than the name brands Lobel uses. Luis’s physician has prescribed a special diet for her so she prepares most of her meals from scratch using dry foods or fresh vegetables whereas her daughter eats frozen or canned foods. Lobel does not have any dietary restrictions and her food is distinguishable from her mother’s. In short, the present circumstances are identical to those outlined in Zayas with the exception that here, the mother is applying for food stamps rather than the daughter, and here, the non-food stamp recipient is not acting as a medical attendant for the food stamp applicant. Thus, the Hearings Officer should have considered all the factors relevant to an analysis under Zayas in making his decision.
The Final Order is REVERSED with instructions that HRS treat Luis as a single person household for food stamp eligibility purposes because Luis is disabled.
BARFIELD and KAHN, JJ., concur.

. This section was amended effective September 1, 1994 to read as follows:
"Household” means (1) an individual who lives alone or who, while living with others, customarily purchases food and prepares meals for home consumption separate and apart from the others, or (2) a group of individuals who live together and customarily purchase food and prepare meals together for home consumption. Spouses who live together, parents and their children 21 years of age or younger (who are not themselves parents *957 living with their children or married and living with their spouses) who live together, and children (excluding foster children) under 18 years of age who live with and are under the parental control of a person other than their parent together with the person exercising parental control shall be treated as a group of individuals who customarily purchase and prepare meals together for home consumption even if they do not do so....
Act Aug. 10, 1993, P.L. 103-66, Title XIII, Ch. 3, Subch. C, § 13931, 107 Stat. 676. Thus, in the future, the Department must consider this language in determining whether an applicant like Luis should be considered a separate household.